**AUTREY BROTHERS, INC., Petitioner,**

v.

**Michael W. CROSS, the Industrial Claim Appeals Office of the State of Colorado, and the Division of Employment and Training, Respondents.**

No. 88CA1486.

Colorado Court of Appeals, Div. V.

March 30, 1989.

Holme Roberts & Owen, John R. Webb, David Bruce Wilson, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John August Lizza, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Div. of Employment and Training.

No Appearance for respondent Michael W. Cross.

CRISWELL, Judge.

Autrey Brothers, Inc., the employer, seeks review of an order of the Industrial Claim Appeals Office (Panel) that held the employer to be liable for the payment of unemployment taxes for services performed by claimant. We affirm.

Section 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B), provides that, irrespective whether a common law master-servant relationship exists, an individual who performs services for another is engaged in "employment" for purposes of the Colorado Employment Security Act, unless the individual is free from control and direction in performing the services and is customarily engaged in an independent trade, occupation, profession, or business. There is substantial evidence, and the employer does not dispute, that the claimant was engaged in covered employment under this statutory definition.

However, the employer asserts that the claimant's employment was excluded from coverage under the Act because of the provisions of § 8–70–103(11)(*l*), C.R.S. (1986 Repl.Vol. 3B). That statute provides that services performed by a direct seller of consumer products at a location other than at a permanent retail establishment is not to be considered to be employment under the Act if (1) the individual's remuneration is "directly related to sales or other output," rather than being based on the number of hours worked, and (2) the services are performed "pursuant to a written contract" which provides "that the person shall not be treated as an employee with respect to such services for federal tax purposes."

The claimant here performed direct sales services outside the employer's business

premises pursuant to a written contract that called for him to be paid advances against commissions on future sales, which advances were to be treated as loans. The contract made no specific mention of federal taxes. It did provide that the claimant:

"must provide all other items necessary for normal functions of a business, such as office space, clerical help, telephone, travel, and advertising and promotional expenses."

The testimony was that, while the employer paid certain of the claimant's training expenses, no amounts were withheld from his compensation for federal income or social security taxes.

The Panel found that, because the written contract between the employer and the claimant made no reference to federal taxes, the services performed by claimant were not excluded from employment under § 8–70–103(11)(l). The employer argues, however, that the Panel should have considered the actual relationship between the parties, as evidenced by their actions, and should have construed the contract as being in substantial compliance with the requirement of § 8–70–103(11)(l). We disagree.

Section 8–70–103(11)(l) expressly requires that the salesperson be excluded as an employee only if the parties' contract is in writing and if it provides that the salesperson is not to be treated as an employee for federal payroll withholding tax purposes. This provision reflects the General Assembly's intent to provide an expedient means to eliminate ambiguities and disputes of the kind appearing here. Had the General Assembly intended that the application of this statutory exception was to depend upon an interpretation of the parties' contract, as determined from their performance under that contract, there would have been no reason for it to include the second proviso to § 8–70–103(11)(l).

Nor are we persuaded that the language relating to "items necessary for normal functions of a business" necessarily refers to federal taxes, or to claimant's status as an employee for purposes of such taxes, particularly in light of the nature of the expenses specifically listed.

Thus, we agree with the Panel that to allow the employer to rely upon an asserted implied agreement would be to eliminate the statutory requirement for an express written agreement. This, neither the Panel nor we have the authority to do.

In light of this conclusion, we do not address the assertion of the Division of Employment and Training that the record here also demonstrates that the claimant's remuneration was not actually based upon the amount of his sales.

Order affirmed.

HUME and REED, JJ., concur.