**ALSCO ALUMINUM BUILDING PRODUCTS, INC.,**
Petitioner,

v.

**DIVISION OF EMPLOYMENT AND TRAINING and The Industrial Claim Appeals Office of the State of Colorado,**
Respondents.

No. 91CA0717.

Colorado Court of Appeals,
Div. III.

Jan. 16, 1992.

Rehearing Denied Feb. 13, 1992.

Certiorari Denied Aug. 24, 1992.

Scott A. Midgley & Associates, P.C., John H. McClow, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John R. Parsons, Asst. Atty. Gen., Denver, for respondents.

Opinion by Judge CRISWELL.

The issue presented in this proceeding to review an administrative determination of the Industrial Claim Appeals Panel under the Colorado Employment Security Act, § 8–70–101, et seq., C.R.S. (1986 Repl.Vol. 3B), is whether a written agreement between the employer, Alsco Aluminum Building Products, Inc., and a number of workers is one of the type described by § 8–70–136(1), C.R.S. (1991 Cum.Supp.) so that the worker's services for Alsco are not to be considered "employment" covered by the Act. The Panel ruled that the contract did not comply with the terms of § 8–70–136(1)(b). We disagree and, therefore, set aside Panel's order.

Section 8–70–136(1) provides that, if two conditions are met, "employment" for purposes of the Act shall not include services rendered by a "direct seller" engaged in the sale of a "consumer product in a home or in an establishment other than a permanent retail establishment."

The first requirement is that the salesperson's remuneration must be "directly related to sales or other output," rather than based on the number of hours worked.

Section 8–70–136(1)(a), C.R.S. (1991 Cum. Supp.).

The second condition is that the services must be rendered pursuant to a written contract between the worker and the party for whom such services are rendered. In addition, this written contract must provide "that the [worker] shall not be treated as an employee with respect to such services for federal tax purposes." Section 8–70–136(1)(b), C.R.S. (1991 Cum.Supp.).

Here, Jessie L. Gorman and similarly situated sales representatives performed door-to-door sales of Alsco's products. They were paid solely upon a commission basis. Hence, all parties agree that the arrangement between Alsco and these representatives complied with the requirement of § 8–70–136(1)(a).

In addition, there was a written contract between Alsco and each representative. This agreement characterized the representative as an "independent contractor" and contained the following provision:

It is agreed and understood that the representative is an independent contractor and is not, nor shall he represent himself to be, an employee, agent or servant of the company *for any purpose.* (emphasis supplied)

The Panel, relying on this court's opinion in *Autrey Brothers, Inc. v. Cross*, 773 P.2d 248 (Colo.App.1989), concluded that the phrase "for any purpose" in this agreement did not comply with the statutory requirement that the contract provide that the worker not be treated as an employee "for federal tax purposes." In doing so, it erred.

In *Autrey Brothers, Inc. v. Cross, supra,* the agreement made no specific reference to the worker's status, either as an employee or as an independent contractor, for any purpose. Its provisions simply provided that the salesperson was required to provide certain specified items, such as clerical help and telephones, together with "all other items necessary for normal functions of a business." In arguing that this contract complied with the statute that is now codified as ¡§ 8–70–136(1)(b), the employer there contended that a reference to the parties' practices under that agreement would demonstrate that the term "all other items" included federal income taxes and, therefore, that this provision was in substantial compliance with the statute.

In rejecting this assertion, the *Autrey Brothers'* panel noted that the purpose of the statutory requirement was to eliminate disputes that might arise from ambiguous contract language. Further, the court it was not persuaded that the language used there "necessarily refers to federal taxes, *or* to claimant's status as an employee for purposes of such taxes, particularly in light of the nature of the expenses specifically listed." (emphasis supplied) We concluded, therefore, that whether a written contract complies with the statutory requirement could not "depend upon an interpretation of the parties' contract, *as determined from their performance under that contract....*" (emphasis supplied)

Here, however, Alsco does not ask that we look beyond the four corners of its agreement with its representatives to determine whether that contract requires that the worker "not be treated as an employee with respect to [the worker's services] for federal tax purposes." It argues that contract language that excludes the sales person as an employee "for *any* purpose" plainly and unambiguously includes federal tax purposes. We agree.

The contract language here is not ambiguous; it does not need any interpretation or construction; and there is no need to refer to any extrinsic circumstances to divine its meaning. And, on its face, the contract reveals that the parties have agreed that the sales representative will not be treated as an employee for *any* purpose.

The statute does not require the use of any specific language; to engraft such a requirement upon its terms would exalt form over substance. The statute requires only that the contract's terms, however expressed, clearly, unambiguously, and without the need for reference to any extrinsic materials, provide that the worker shall not be treated as an employee for federal tax purposes. Hence, because the

agreement here meets that criterion, the Panel erred in concluding that Alsco's representatives, whose services were rendered pursuant to the agreement described, were in covered employment.

The order of the Panel is set aside, and the cause is remanded to it for the entry of a final order consistent with the views set forth herein.

METZGER and NEY, JJ., concur.